**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **JAMES DORSEY,** | * |
| **Defendant/Petitioner,** | * |
| | * |
| | * |
| **v.** | *     **CASE NO.: JRR-20-352** |
| | * |
| | * |
| **UNITED STATES OF AMERICA.** | * |

**\*\*\*\*\*\***

**THE GOVERNMENT'S MEMORANDUM OF LAW**
**IN OPPOSITION TO THE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum of law in opposition to the Motion to Vacate, Set Aside, or Correct Sentence (the "Motion to Vacate" or "Motion") filed by the petitioner, James S. Dorsey, Sr. (the "Petitioner" or "Mr. Dorsey") on May 25, 2023.  *See* ECF No. 41.  The Petitioner claims that his conviction should be vacated because he received ineffective assistance of counsel and because 21 U.S.C. § 841(a)(1), an offense with which he was charged, is not "a valid predicate offense" to a standalone conviction under 18 U.S.C. § 924(c).  *See* ECF No. 41-1, Pet.'s Mot. to Vacate, at 5.  This Honorable Court should deny the Petitioner's Motion in its entirety without an evidentiary hearing because the Petitioner's Motion was not timely filed, and for the additional reasons set forth below.

**ISSUES PRESENTED IN THE MOTION TO VACATE**

The Petitioner raises two primary claims that he believes entitle him to relief under 28 U.S.C. § 2255.  First, he argues that his attorney rendered ineffective assistance of counsel by failing to investigate whether 21 U.S.C. § 841(a)(1)—possession with intent to distribute controlled substances—can serve as a "valid" predicate offense for a conviction under 18 U.S.C. § 924(c) when the former has been dismissed pursuant to the terms of a plea agreement.  *See*

ECF Nos. 40 at 4-5, 41-1 at 5.  Second, and relatedly, he argues that because he was not convicted of a "drug trafficking crime," his conviction under 18 U.S.C. § 924(c) for carrying or using a firearm during a drug trafficking crime should be vacated.  *See* ECF No. 41-1 at 2-4.  The Petitioner cites decisions by the United States Supreme Court and United States Court of Appeals for the Fourth Circuit to support his arguments, including *United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Graham*, 67 F.4th 218 (4th Cir. 2023); *United States v. Todd*, No. 18-4161, 2022 WL 3210717 (4th Cir. Aug. 9, 2022) (unpublished); *United States v. Manley*, 52 F.4th 143 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 2436 (2023); and *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022).

As an initial matter, the Petitioner's Motion to Vacate is time-barred because it was filed outside of the one-year limitations period that commenced when his conviction became final on October 7, 2021.  Even if the Petitioner's Motion had been timely filed, however, his arguments would still lack merit, because: (a) guilty pleas that result in standalone convictions under 18 U.S.C. § 924(c) are permissible, provided that a defendant also pleads guilty to facts that satisfy the elements of one of the necessary predicate offenses; (b) 21 U.S.C. § 841 is a "drug trafficking crime" for purposes of convictions under 18 U.S.C. § 924(c); (c) a review of the transcript of the Petitioner's Rule 11 and sentencing hearing demonstrates that there was no reversible error with respect to his guilty plea and no defect that calls into question the knowing or voluntary nature of that plea; and (d) the Petitioner misreads *Davis*, *Graham*, *Crawley*, and the other decisions he cites in support of his argument that 21 U.S.C. § 841 is not a valid predicate offense to a standalone conviction under Section 924(c).  These decisions all address the question of whether certain felonies count as crimes of violence in the context of Section 924(c); they do not impact the status of drug trafficking crimes as predicate offenses.

## FACTUAL BACKGROUND

### I.      Procedural History

On October 15, 2020, the Petitioner was indicted by a Grand Jury for the District of

Maryland with one count of possession with intent to distribute a mixture or substance

containing a detectable amount of fentanyl, which is a Schedule II narcotic, in violation of 21

U.S.C. § 841(a)(1); one count of possession of a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c); and possession of a firearm—specifically, a Smith &

Wesson Bodyguard .380 auto caliber semiautomatic pistol—after having been convicted of a

crime punishable by more than one year in prison. *See* ECF No. 1 at 1-3.

On November 13, 2020, Mr. Dorsey's Initial Appearance and Arraignment were held

before United States Magistrate Judge Thomas M. DiGirolamo.  Mr. Dorsey entered a plea of not

guilty to all three counts of the Indictment.  ECF Nos. 7, 8.  Assistant Federal Public Defender

Brendan A. Hurson (who is now a United States District Judge) was appointed to represent Mr.

Dorsey.  Mr. Dorsey agreed to be detained pending trial.  ECF Nos. 13, 9, 15.  On October 7,

2021, Rule 11 and sentencing hearings were held before The Honorable Catherine C. Blake.  Mr.

Dorsey pled guilty to Count Two of the Indictment, admitting to knowingly possessing a firearm

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  ECF Nos. 31-34.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the plea agreement

specified that the parties jointly recommended a sentence of 90 months of imprisonment for Mr.

Dorsey, followed by a three-year term of supervised release.  ECF No. 33 at ¶ 9.

On May 25, 2023, Mr. Dorsey filed his Motion to Vacate.  ECF No. 41.  He also filed a

Motion for Successive Petition pursuant to 28 U.S.C. § 2244 and a Motion to Appoint Counsel

with the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit denied both

of these motions on June 13, 2023. *See* Docket No. 23-192, Doc. Nos. 2, 3, 7.

Mr. Dorsey never appealed his conviction and has filed no other motions seeking post-

conviction relief in this matter.

## II.    The Plea Agreement and Offense of Conviction

In the plea agreement, the United States and the Petitioner agreed that the Petitioner would

plead guilty to Count Two of the Indictment pending against him, which charged him with

violation of 18 U.S.C. § 924(c). The plea agreement stipulated that the Petitioner committed the

drug trafficking crime charged in Count One of the Indictment and knowingly possessed a firearm

in furtherance of that crime:

<u>Elements of the Offenses</u>

2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and
which this Office would prove if the case went to trial, are as follows:

**Count 2 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

a.      That, on or about the time alleged in the Indictment, in the District of
Maryland, the Defendant committed a drug trafficking crime as charged in Count 1 of the
Indictment, and;

b.      That the Defendant knowingly possessed a firearm in furtherance of that
crime.

ECF No. 33 at ¶ 2(a)-(b). The Petitioner and the Government agreed that the Petitioner qualified

as a career offender under the United States Sentencing Guidelines ("U.S.S.G." or the

"Guidelines"). *See id.* at ¶ 6(a) ("This Office and the Defendant agree that he is a career offender

pursuant to U.S.S.G § 4B1.1."). The Petitioner agreed that under U.S.S.G. §§ 2K2.1 and

4B1.1(c)(2), a sentence for Count Two would range from 262 to 327 months, or approximately

twenty-two to twenty-seven years. *Id.* at ¶¶ 6(c), 7. The Petitioner's plea agreement clearly details

the mutually agreed-upon Guidelines stipulations, including a three-level reduction of the

4

Petitioner's adjusted offense level pursuant to U.S.S.G. §§ 3E1.1(a)-(b) based on his apparent prompt acceptance of responsibility for his criminal conduct. *See id.* at ¶ 6(b). Despite the Guidelines range for a career offender pleading guilty to the conduct to which the Petitioner admitted, the Government joined the Petitioner in recommending a sentence of 90 months of imprisonment followed by a three-year term of supervised release. *Id.* at ¶ 9.

The criminal conduct to which the Petitioner admitted—conduct that the Government would have proven beyond a reasonable doubt had the Petitioner's case gone to trial—is detailed in Attachment A to the Petitioner's plea agreement, which is appended as the Stipulation of Facts. *Id.* at 9-10. In brief, the Petitioner admitted that on April 23, 2020, he was stopped by the Baltimore Police Department ("BPD") for having invalid paper tags on his vehicle. BPD searched Mr. Dorsey's vehicle, where they found, *inter alia*, a black plastic bag filled with empty pink-topped vials in the center console; several of the same pink-topped vials containing a white, rock-like substance in the front driver-side map compartment and on the vehicle's front floorboard; a Smith & Wesson .380 caliber semi-automatic pistol in the locked glove compartment; and a bag filled with forty-five gelatin capsules in the locked glove compartment. *Id.* After waiving his *Miranda* rights, Mr. Dorsey admitted to possessing the Smith & Wesson. *Id.* The gelatin capsules recovered from Mr. Dorsey's vehicle contained fentanyl and the pink-topped vials contained crack cocaine. *Id.*

Importantly, Mr. Dorsey admitted in the plea agreement that the "volume, variety, and manner of packaging of the gelcaps is ***consistent with the intent to distribute them***, as is the assortment of other items recovered from the vehicle . . . the [Petitioner] agrees that the substances [he possessed] contained detectable amounts of fentanyl ***and that he intended to distribute those substances***." *Id.* (emphasis added). Finally, Mr. Dorsey also agreed "that he knowingly possessed

the firearm in furtherance of a drug trafficking crime *for which he may be prosecuted in a court of the United States*, that is, [] possession with the intent to distribute fentanyl." *Id.* (emphasis added).

A copy of the transcript of the Petitioner's Rule 11 and sentencing hearings is attached as **Exhibit 1** to the Government's memorandum. The transcript demonstrates that the Court conducted a thorough colloquy with Mr. Dorsey on the subjects required by Rule 11(b) of the Federal Rules of Criminal Procedure. Specifically, Mr. Dorsey was advised: that he was under oath and obligated to tell the truth (Exhibit 1 at 4:15-20); of his right to plead not guilty, his right to counsel, and of the various rights associated with trial (*id.* at 7:23-11:3); that he was waiving those rights by pleading guilty (*id.*); of the nature of the charges, including the elements, of the offenses to which he was pleading guilty (*id.* at 12:23-13:6); and of the maximum and minimum penalties associated with those offenses (*id.*). The Court directed Mr. Dorsey to the Stipulation of Facts, confirmed that he had reviewed and signed it, and specified that it contained facts that the Government could have proven beyond a reasonable doubt had Mr. Dorsey's case gone to trial. *Id.* at 13:15-22. Mr. Dorsey confirmed that the statement of facts was correct and "that [he] did what it says in there [he] did," and agreed that he was guilty of the offenses it described. *Id.* at 16:8-14. The Court reviewed in detail the sentencing stipulations, including the Petitioner's status as a career offender, the Guidelines sentence of 262 to 327 months, and the parties' joint recommendation of 90 months—well below the bottom of the Guidelines range. *Id.* at 16:15-17:13. Mr. Dorsey confirmed that he was satisfied with the performance of his counsel and that he was entering into the guilty plea free of any force or threats, and without any promises as to his sentence. *Id.* at 11:10-12:4, 12:16-22.

Mr. Dorsey opted to hold his sentencing hearing and his Rule 11 hearing at the same time. *Id.* at 2:18-3:2. The Court accepted the parties' joint recommendation, sentencing Mr. Dorsey to a 90 month term of imprisonment, which falls approximately fifteen years below the bottom of the recommended Guidelines range for Mr. Dorsey. *Id.* at 20:23-21:1, 30:7-17.

**ARGUMENT**

**I.      THE PETITIONER'S MOTION IS TIME-BARRED UNDER 28 U.S.C. § 2255 BECAUSE IT WAS NOT TIMELY FILED**

The Petitioner's Motion is time-barred because it was filed more than one year after his conviction became final. Section 2255 provides for a one-year statute of limitations, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which any unconstitutional government impediment to making this motion was removed, if the movant was so impeded; (3) the date on which any retroactively applicable right was recognized by the Supreme Court of the United States, if that right was previously asserted by the petitioner; and (4) the date on which the facts supporting the petitioner's claim or claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Pursuant to Section 2255, the Petitioner's Motion should have been filed within one year of the latest of those four events. Under any of the criteria described in 28 U.S.C. § 2255(f), the Petitioner's Motion was not timely filed. First, the Motion was filed more than one year after the date of final judgment. Mr. Dorsey was sentenced on October 7, 2021. He did not file an appeal and, therefore, his judgment of conviction became final on the date that it was imposed—the date of Mr. Dorsey's sentencing, in other words. Consequently, Mr. Dorsey's Motion should have been filed by October 7, 2022. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where a defendant does not pursue a direct appeal, his judgment becomes final on the date of sentencing). Mr. Dorsey did not file his Motion until May 25, 2023, more than seven months

after the deadline had passed.  Because Mr. Dorsey failed to file on or before the statutorily-imposed deadline of October 7, 2022, his Motion is time-barred under 28 U.S.C. § 2255(f)(1).

Mr. Dorsey claims that despite this failure to file within the one-year limitations period, his Motion is timely in light of the intervening authority represented by the Fourth Circuit's decisions in *United States v. Graham*, 67 F.4th 218 (4th Cir. 2023) and *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022).  Neither of those decisions is apposite, however.  And even if *Graham* and *Crawley* did materially alter the landscape of convictions under 18 U.S.C. § 924(c) where 21 U.S.C. § 841(a)(1) serves as a predicate offense, Mr. Dorsey's case is still time-barred, because the Fourth Circuit has uniformly held that intervening authority represents a change of law rather than a change of fact and thus does not permit collateral attack on a final judgment of conviction.  *Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014); *see also Walker v. Clarke*, No. 2:14-CV-449, 2015 WL 4608089, at *3 (E.D. Va. July 30, 2015) (". . . the Fourth Circuit articulated that changes of law 'announc[ing] a generally applicable legal rule' which do not actually 'amend[ ] the convictions themselves' do not qualify as new 'facts' for purposes of calculating the one-year statute of limitations" in petitions for post-conviction relief).  In short, nothing prevented Mr. Dorsey from filing his Motion to Vacate within the one-year limitations period.

### A.  By Failing to Raise These Arguments on Direct Appeal, the Petitioner Procedurally Defaulted Them.

Mr. Dorsey's failure to file his Motion within the one-year limitations period (or to raise the issues addressed in the Motion on direct appeal) also represents procedural default in the context of collateral review.  *See Whiteside*, 775 F.3d at 185 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Mr. Dorsey did not raise these claims on direct appeal.  Indeed, he did not appeal his conviction at all.  Thus, he procedurally defaulted these arguments.  Federal

prisoners are barred from raising claims on collateral review that could have been raised on direct appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974). In order to raise a procedurally defaulted claim, a defendant must show either cause and prejudice or that he is actually innocent. *Bousley*, 523 U.S. at 622. As the Supreme Court has admonished, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Id.* at 621 (internal citations omitted). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (internal citations omitted). Here, Mr. Dorsey has shown neither cause and prejudice nor actual innocence.

## II.      THE PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS WITHOUT MERIT

Under 28 U.S.C. § 2255, a prisoner in federal custody may seek to vacate, set aside, or correct his sentence on four specific grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 386 U.S. at 428).

To obtain relief under Section 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating: (1) that he received ineffective assistance of counsel; and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v.*

*Washington*, 466 U.S. 668, 688 (1984); *United States v. DeTemple*, 162 F.3d 279, 289 (4th Cir. 1998).  To satisfy the first *Strickland* prong, a petitioner has the burden of proving that his attorney's conduct violated the Sixth Amendment to the United States Constitution by falling below the reasonable standard of conduct expected of attorneys.  *See Strickland*, 466 U.S. at 688; *DeTemple*, 162 F.3d at 289.  As such, a petitioner must show that his counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687-88.  There is a strong presumption under the law that a defense attorney's conduct was in fact competent.  *Id.* at 689; *see also Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

A petitioner who advances an ineffective assistance of counsel claim following his entry of a guilty plea has an even higher burden to establish prejudice.  *Id.*  Specifically:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified.  Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  In the context of a guilty plea, a petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371-72 (2010).

In this case, Mr. Dorsey's ineffective assistance claim is largely based on an argument that his counsel ineffectively assisted him at and before his Rule 11 and sentencing hearing by failing to investigate, object to, or otherwise challenge the "drug trafficking crime" component of his conviction for possessing a firearm in furtherance of a drug trafficking crime.  *See* ECF No. 41-1 at 1-3.  The theme of Mr. Dorsey's complaints is that this defect rendered his guilty plea

unknowing, invalid, and unenforceable, and that a different result would have occurred had his attorney either challenged the guilty plea on the particular grounds that Mr. Dorsey articulates in his Motion or investigated those alleged grounds with more diligence.

None of Mr. Dorsey's arguments have any merit. The Government will discuss each of them in turn.

### A.   Convictions Under 18 U.S.C. § 924(c) Are Valid When the Defendant Admits in the Plea Agreement to Conduct Satisfying the Elements of the Predicate Offense.

Title 18, Section 924(c) permits an enhanced penalty for defendants who possess, carry, or use a firearm during any crime of violence[1] or drug trafficking crime. Section 924(c) provides that:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, **during and in relation to any crime of violence or drug trafficking crime** . . . **for which the person _may_ be prosecuted in a court of the United States**, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [] be sentenced to a term of imprisonment of not less than 5 years . . .

18 U.S.C. § 924(c)(1)(A) (emphasis added). Convictions under this statute do not require a defendant to be convicted of a crime of violence or drug trafficking crime. They merely require that the defendant possess a firearm during a crime of violence or drug trafficking crime for which he "_may_" be prosecuted federally. To satisfy this element, defendants who plead guilty to violations of Section 924(c) also plead guilty to the criminal conduct that comprises the predicate act of a crime of violence or drug trafficking crime.

Courts will "uphold a § 924(c) conviction if it is 'expressly predicated' on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime." _United_

---

[1] The Petitioner was not convicted of a crime of violence, and as such his sentence under 18 U.S.C. § 924(c) does not rest on this predicate.

*States v. Ogun*, Nos. 16-7450, 20-6578, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022)

(unpublished) (citation omitted).  A "drug trafficking crime" for purposes of Section 924(c)

means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801, *et seq.*),

the Controlled Substances Import and Export Act (21 U.S.C. §§ 951, *et seq.*), or chapter 705 of

Title 46."  18 U.S.C. § 924(c)(2).  Possession with intent to distribute controlled substances

pursuant to 21 U.S.C. § 841 is a felony punishable under the Controlled Substances Act, and the

Fourth Circuit has long recognized that such crimes are drug trafficking crimes for the purposes

of convictions under Section 924(c).  *See, e.g.*, *Crawley*, 2 F.4th at 263 (upholding a conviction

under 18 U.S.C. § 924(c) where 21 U.S.C. § 841 is the predicate offense, even where another

predicate, Hobbs Act Robbery, is no longer recognized as a crime of violence and is thus no

longer a valid 924(c) predicate).

     Mr. Dorsey did not argue at his Rule 11 and sentencing hearing that he would not plead

guilty to a standalone conviction under Section 924(c).  In fact, Mr. Dorsey readily admitted to

the crime of possessing fentanyl with the intent to distribute it.  *See* Exhibit 1 at 14:23-15:25.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the

petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always

palpably incredible and patently frivolous or false."  *United States v. Lemaster*, 403 F.3d 216,

221 (4th Cir. 2005) (internal quotation marks omitted).

    **B.** ***Davis*, *Crawley*, *Graham*, and Other Cases Cited by the Petitioner Deal with Crimes of Violence Rather Than Drug Trafficking Crimes.**

     To support his claim for ineffective assistance of counsel, the Petitioner argues that

*United States v. Davis*, *United States v. Graham*, *United States v. Crawley*, and related decisions

mandate the vacatur of his sentence.  While each of these decisions discusses convictions under

Section 924(c), none of them stands for the principle that possession with intent to distribute is an invalid predicate offense—quite the opposite, in fact.

*Davis*, for example, addresses the definition of "crime of violence" in the context of Section 924(c), ultimately holding that the residual clause of the statutory definition of "crime of violence" embodied in 21 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2321 ("The residual clause [] defines a 'crime of violence' as a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'"). The residual clause "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague." *Id.* at 2324. *Davis* does not consider the definition of "drug trafficking crime" and does not need to, as the Court acknowledges that when Congress expanded Section 924(c)'s predicate offenses to include drug trafficking crimes as well as crimes of violence, "Congress added a subsection-specific definition of 'drug trafficking crime' in § 924(c)(2)" to aid in determining which criminal offenses fall into this category. *Id.* at 2330. The residual clause is part of the statutory definition of "crime of violence," not "drug trafficking crime." Contrary to the Petitioner's argument, *Davis* has no impact on the status of drug trafficking crimes as predicate offenses to convictions under Section 924(c).

*Crawley*, likewise, is inapposite. In *Crawley*, the Fourth Circuit found that drug trafficking predicates are unaffected by the holdings in opinions involving Section 924(c) crimes of violence, including *Davis*. *Crawley*, 2 F.4th at 262-63; *see also United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (noting that defendants' 924(c) verdicts could be sustained because the defendants were found guilty of possessing a firearm in furtherance of a drug trafficking crime, even if the defendants' Hobbs Act Robbery convictions were not crimes of violence for

924(c) purposes). Similarly, *United States v. Graham*, 67 F.4th 218 (4th Cir. 2023), deals with the question of whether a conviction under Section 924(c) remains valid when it is predicated on kidnapping, an offense that no longer counts as a crime of violence. *United States v. Todd*, No. 18-4161, 2022 WL 3210717 (4th Cir. Aug. 9, 2022) and *United States v. Manley*, 52 F.4th 143 (4th Cir. 2022), also address questions relating to the residual clause and the statutory definition of "crime of violence" rather than "drug trafficking crime," and thus are not relevant to the Petitioner's argument.

C. **The Petitioner's Complaints About His Guilty Plea Do Not Satisfy the Requirements of *Strickland*.**

In light of the fact that the Petitioner's individual complaints about the adequacy of his guilty plea are without merit, he cannot satisfy either of the elements required by *Strickland* with respect to any of those claims.

First, the Petitioner cannot demonstrate deficient performance with respect to any of the theories he advances in his Motion. As discussed above, none of the Petitioner's arguments call into question the validity, the knowing nature, or the voluntariness of his guilty plea. The Petitioner's claim that his counsel failed to "investigate" whether pleading facts sufficient to establish guilt pursuant to 21 U.S.C. § 841 is a "valid predicate offense" to a conviction under Section 924(c) is affirmatively contradicted by the transcript of his Rule 11 hearing. The caselaw and other authorities discussed in the preceding sections demonstrate that there is no merit to the Petitioner's claimed legal challenges to his guilty plea. The Petitioner's arguments lack merit, and there is no indication that his counsel performed his duties as an attorney with anything less than a high degree of care and skill. Indeed, the Petitioner received a much less substantial sentence than he might have received if he had been represented by another attorney.

Third, the Petitioner has failed to establish exactly what his counsel might have done differently.  But the Petitioner points to no valid or credible argument that his counsel should have advanced.  The Petitioner's failure to assert any valid legal or factual bases for his complaints about his counsel's performance is enough for this Court to deny his claim.  Because this is a 2255 proceeding, the Petitioner had the burden of demonstrating his entitlement to relief under any 2255 theory, including that his attorney was ineffective.  *See United States v. Roane*, 378 F.3d 382, 404-05 (4th Cir. 2004).  The Petitioner has failed to sustain any such burden in this case.

Given that the Petitioner has done nothing to satisfy his burdens here, he cannot satisfy either of the required prongs of *Strickland*.  Nothing in the record reveals anything that his counsel might have done differently.  Nothing in the record indicates that the Petitioner's conviction under 18 U.S.C. § 924(c) was improper.  Defense counsel cannot be called deficient for failing to advance invalid arguments.

## III.      THE PETITIONER HAS NOT DEMONSTRATED THAT A HEARING IS NECESSARY.

The Petitioner has requested an evidentiary hearing on the issues he raises in his Motion.  This request should be denied, as the Government believes that an evidentiary hearing is unnecessary under the Local Rules, which state that "all motions shall be decided on the memoranda without a hearing."  Local Rule 105.6 (D. Md. 2021).

The Petitioner also has requested that the Court appoint him counsel.  This request should be denied as well.  There exists no constitutional right to habeas counsel.  *See United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013) (citing *Kitchen v. United States*, 227 F.3d 1014, 1019 (7th Cir. 2000)).  When a court chooses not to conduct an evidentiary hearing in a habeas proceeding, it appoints counsel according to discretion when "the interests of justice so require."

15

18 U.S.C. § 3006(A)(2)(a); *see also* Rule 8 of the Governing Rules of § 2255 Motions (requiring the court to appoint counsel for a § 2255 motion only if the court conducts an evidentiary hearing.).

There is likewise no need for an evidentiary hearing in this case. The record is complete by virtue of the transcript of the Petitioner's Rule 11 and sentencing hearings (Exhibit 1), and that transcript demonstrates that the Petitioner's Section 2255 claims should be denied as a matter of law, on the existing record, without the necessity of additional evidence. Furthermore, because the Petitioner's claims are legally deficient, the interests of justice do not support the appointment of counsel.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Petitioner's Motion to Vacate.

Respectfully Submitted,

EREK L. BARRON
United States Attorney

By: ___/s/_____
Keelan F. Diana
Special Assistant United States Attorney

36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Telephone: (410) 209-4958
Fax: (410) 962-3124
Keelan.Diana@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of November, 2023, a copy of the foregoing

was dispatched by first-class mail to:

> James S. Dorsey, Sr., *pro se*
> Reg. No. 17070-509
> FCI Hazelton
> P.O. Box 5000
> Bruceton Mills, WV 26525


_____*/s/*_____
Keelan F. Diana
Special Assistant United States Attorney