IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES DORSEY,<br><br>      Petitioner/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | Criminal No. 1:20-cr-00352-JRR<br>Civil No. 1:23-cv-01452-JRR |

**MEMORANDUM OPINION**

This matter comes before the court on *pro se* Petitioner James Dorsey's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 41; the "Motion to Vacate"), as well as the supplement at ECF No. 41-1, which the court construes as a Motion to Appoint Counsel (the "Motion to Appoint Counsel").[1] The court has reviewed all papers.

**I.    BACKGROUND**

On October 14, 2020, Dorsey was charged by Indictment with three counts: Possession with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) (Count 1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 3). (ECF No. 1.)  On November 13, 2020, Dorsey was arraigned and entered a plea of not guilty as to all counts. (ECF No. 8.)  On October 7, 2021, pursuant to his plea agreement with the Government, Dorsey was rearraigned and pled guilty to Count 2. (ECF Nos. 31, 33.)  The Honorable Catherine C. Blake accepted Dorsey's guilty plea as to Count 2; Counts 1

---

[1] Dorsey recently filed two additional documents.  One is titled "Defendant's Supplement to 28 U.S.C. § 2241 Motion and Request for Appointment of Counsel" at ECF No. 55.  Based on the nature of the assertions made therein, the court construes it as Dorsey's reply in further support of his Motion to Vacate and Motion to Appoint Counsel.  The second document seeks permission to file a motion under 28 U.S.C. § 2411. (ECF No. 56.)  To the extent Dorsey seeks to file such a motion, leave of court is not required.  The motion at ECF No. 56 will therefore be denied as moot.

and 3 were dismissed. (ECF No. 37.) In accordance with the parties' Rule 11(c)(1)(C) plea agreement, Dorsey was sentenced to a 90-month term of incarceration following by three years of supervised release. *Id.* Judgment was entered October 7, 2021. (ECF No. 32.)

On May 25, 2023, one year and seven months after judgment was entered, Dorsey filed his Motion to Vacate. (ECF No. 41.) Dorsey sets forth two central grounds for relief. First, Dorsey contends that his conviction under 18 U.S.C. § 924(c)(1)(A) is invalid, because he did not plead guilty to a predicate drug trafficking crime. (ECF No. 41 at p. 4; ECF No. 41-1 p. 2–5.) Second, Dorsey states that he received ineffective assistance of counsel, because his counsel failed to object to "an unconstitutional conviction" relating to the predicate offense. (ECF No. 41 p. 5.) In supplements filed on February 5, 2025,[2] Dorsey again reiterates his argument that his conviction is invalid and asserts that he is "actually innocent." (ECF Nos. 56, 56-1.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside or correct a federal prison sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law" or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 (1962); *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018). A § 2255 movant bears the burden to prove the asserted grounds by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The scope of a § 2255 collateral attack is markedly narrower than an appeal and a "collateral challenge may not do service for an appeal." *Foster v. Chatman*, 578 U.S. 488, 519

---

[2] Petitioner filed a duplicate of the supplement at ECF No. 41-1, which is docketed at ECF No. 55.

(2016) (Alito, J., concurring) (citations omitted). "[A]n error of law does not provide a basis for collateral attack [of a conviction] unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 426–27); *United States v. Vonn*, 535 U.S. 55, 64 (2002) (holding that relief under § 2255 is reserved for situations where failure to grant relief would be "'inconsistent with the rudimentary demands of fair procedure' or [would] constitute[] a complete 'miscarriage of justice'") (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021). Ordinarily, in resolving a motion, a district court has discretion as to whether to hold a hearing, but in the context of a § 2255 motion, "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim." *Mayhew*, 995 F.3d at 176–77. As discussed below, the record is more than sufficient for the court to decide Dorsey's Motion to Vacate without an evidentiary hearing; therefore, the court declines to hold a hearing.

### III. ANALYSIS

#### A. Motion to Vacate – Equitable Tolling

Section 2255 establishes a one-year limitation for filing a motion to vacate a federal criminal sentence. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered though exercise of due diligence.

*Id.* For purposes of § 2255(f)(1), a judgment of conviction becomes final upon the conclusion of direct review or when the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522, 527 (2003); *United States v. Smith*, No. CR ELH-18-17, 2020 WL 4016242, at *1 (D. Md. July 16, 2020). Here, Dorsey did not appeal his conviction or sentence. Accordingly, his judgment became final on October 21, 2021, 14 days following entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i); *Clay*, 537 U.S. at 527. Thus, the deadline to file this Motion to Vacate was October 21, 2022.

Dorsey's Motion was filed on May 25, 2023, about seven months after the one-year filing deadline passed. (ECF No. 41 .) Accordingly, Dorsey appears to seek equitable tolling of the one-year statute of limitations. (*Id.* at 10–11; ECF No. 41-2.) Equitable tolling of the deadline is allowed in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To qualify for equitable tolling on a petition for collateral review, a petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

4

Dorsey fails to demonstrate entitlement to equitable tolling. First, Dorsey states that the court did not provide him with court transcripts he requested. (ECF No. 41 p. 11.) The court has no record that Dorsey requested court transcripts in this case. In any event, "a lack of access to . . . transcripts does not constitute adequate grounds for equitable tolling." *Green v. Wolfe*, No. CV TDC-21-2741, 2024 WL 112277 *1, at *3 (D. Md. Jan. 10, 2024) (citing *Hall v. Warden, Lebanon Corr Inst.*, 662 F.3d 745, 750–52 (6th Cir. 2011)). Further, Dorsey's lack of "training or knowledge of the law" (ECF No. 41 at p. 9) does not amount to an extraordinary circumstance to warrant equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (explaining that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling").

Dorsey also argues that recent Fourth Circuit caselaw renders his § 924(c) conviction "invalid despite the timeliness issue." (ECF No. 41 at p. 10–11; ECF No. 41-2, citing *United States v. Davis*, 53 F.4th 168 (4th Cir. 2022); *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021) and *United States v. Graham*, 67 F.4th 218 (4th Cir. 2023)). Under § 2255(f)(3), the limitations period runs from the date on which the right asserted was "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The cases Dorsey relies upon therefore do not operate to extend §2255 limitations. Further, as discussed more fully below, authority on which Dorsey relies does not support his argument. At bottom, 28 U.S.C. § 2255(f)(3) does not operate in Dorsey's favor. The court therefore concludes Dorsey's Motion to Vacate is untimely; and no provisions that could extend the statutory deadline apply.[3]

---

[3] Although raised for the first time by reply, Dorsey asserts actual innocence, citing *Bousley v. United States*, 523 U.S. 614 (1998). (ECF No. 56.) When a § 2255 motion is untimely and equitable tolling is not available, "a compelling showing of actual innocence would enable a federal court to consider the merits of a petitioner's otherwise defaulted claims." *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012); *United States v. Jones*, 758 F.3d 579, 584 (4th Cir.

5

B.   **Motion to Vacate – Conviction Challenges**

Even were Dorsey's Motion timely, the substance of his arguments regarding his § 924(c) conviction lack merit. The bulk of the caselaw cited by Dorsey arises from convictions under § 924(c) for Possession of a Firearm in Furtherance of a Crime of Violence; however, Dorsey plead guilty to § 924(c) for Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (ECF Nos. 33, 41, 41-1, 41-2.) *See United States v. Davis*, 588 U.S. 445, 470 (holding the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague); *United States v. Graham*, 67 F.4th 218, 221–24 (4th Cir. 2023) (reversing conviction under § 924(c) for use of a firearm during a crime of violence, because it was not expressly based on a valid predicate offense); *United States v. Todd*, No. 18-4161, 2022 WL 3210717 at *1, *5 (4th Cir. 2022) (vacating conviction for use of a firearm during a crime of violence, because conspiracy to commit Hobbs Act Robbery is no longer a crime of violence, and was thus an invalid predicate for conviction under § 924(c)).

Dorsey contends his § 924(c) conviction is invalid because he did not plead guilty to a predicate drug trafficking offense. (ECF No. 41 p. 10–11.) But "§ 924(c) convictions do not require a conviction on the predicate drug trafficking offense;" instead, there must be "some showing by the government that a reasonable jury could have convicted on the predicate drug

---

2014); *see United States v. Cromartie*, CRIM. NO. JKB-11-0426, 2023 WL 5671894 at *1, *7–*9 (considering a petitioner's gateway actual innocence claim despite the untimeliness of the § 2255 motion and unavailability of equitable tolling). Thus, a compelling showing of actual innocence operates as a "gateway" for habeas petitioners to bypass § 2255 limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The actual innocence exception "only applies in limited circumstances." *Jones*, 758 F.3d at 583. It must be "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The instant case is not such an extraordinary case. Dorsey's assertion of actual innocence is not accompanied by new evidence and he fails to address his plea agreement stipulations of fact and other admissions made during his guilty plea during the colloquy with the court. *See McQuiggin*, 569 U.S. at 395 (explaining that a petition must provide "new evidence [that] shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'") (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Instead, he merely repackages the challenge of conviction as a claim of actual innocence. The court therefore finds the actual innocence gateway is unavailable here.

offense." *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002); *see United States v. Crawley*, 2 F.4th 257, 262–64 (4th Cir. 2021) (finding § 924(c) conviction for possession of a firearm in furtherance of a drug trafficking crime remained valid when the predicate drug trafficking charge, supported by sufficient evidence, was dismissed); *United States v. Porter*, No. 21-7355, 2023 WL 2570967 at *1 (4th Cir. 2023) (same).

   Here, Dorsey plead guilty to the following elements under count two:

   (a) That on, or about the time alleged in the Indictment, in the District of Maryland, the Defendant committed a drug trafficking crime as charged in Count 1 of the Indictment, and;

   (b) That the Defendant knowingly possessed a firearm in furtherance of that crime.

(ECF No. 33.)  At his Rule 11 proceeding, Dorsey also agreed under oath that his possession was consistent intent to distribute, and that he knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in federal court.  (ECF No. 50 at 13:15–16:14.)  In view of the foregoing, the court finds Dorsey's claim to be without merit because his § 924(c) conviction is supported by a valid predicate.  *See Porter*, 2023 WL 2570967, at *1, *supra*.

   **C.**   **<u>Appointment of Counsel</u>**

   Dorsey also requests appointment of counsel. (ECF No. 41-1.)  The court has discretion to appoint counsel to represent a financially eligible person who seeks relief under 28 U.S.C. § 2255 if the court determines that justice so requires.  18 U.S.C. § 3006A(a)(2)(B); *Hammoud v. United States*, No. CV RDB-15-3239, 2016 WL 3351331, at *3 (D. Md. June 16, 2016).  Typically, there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *United States v. Jones*, No. RDB-10-232, 2021 WL 2805947, at *4 (D. Md. July 6, 2021).

7

Here, the interests of justice do not favor Dorsey's request for appointment of counsel. Because of the plain untimeliness of the Motion to Vacate, appointment of counsel would have no material bearing on the court's evaluation of same. Similarly, Dorsey's arguments plainly lack merit. The court harbors no concern or belief that § 2255 grounds for relief exist that are unclear to Dorsey based on his *pro se* status (*i.e.*, that an attorney would be able to aid him to articulate). Accordingly, the Motion to Appoint Counsel will be denied.

C.  **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the court denies the petitioner's motion on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds," a petitioner "must demonstrate both (1)'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001) (quoting *Slack,* 529 U.S. at 484). Dorsey does not satisfy the standards set forth above. Accordingly, a certificate of appealability will not issue.

## IV. CONCLUSION

For the reasons set forth herein, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, as supplemented, and the Motion to Appoint Counsel will be denied. A separate order will follow.

/S/

Date: May 12, 2025

_____
Julie R. Rubin
United States District Judge